PER CURIAM:
*206 Claimant brought this action for vehicle damage which occurred when his 2000 Grand Prix GT struck a series of holes while he was traveling on County Route 25 in Wheeling, Ohio County. County Route 25 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 7:30 p.m. on January 29, 2004, a cold evening. County Route 25 is a two-lane highway at the area of the incident involved in this claim. Claimant was driving his vehicle on County Route 25 when he came to a curve in the road. There was traffic traveling in the opposite direction. Mr. Norman saw a series of holes in the road but could not avoid them because of the traffic in the other lane. Claimant had driven County Route 25 the previous week but had not noticed the holes at that time. Mr. Norman stated that one of the holes was about seven inches deep and about one foot wide. Claimant’s vehicle struck the holes sustaining damage to the right front rim and tire, totaling $562.93. Claimant’s insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 25 at the site of the claimant’s accident for the date in question.
Mick Davis, Highway Administrator II for the respondent in Ohio County, testified that he had no knowledge of any holes on County Route 25 in Wheeling for the date in question or the days immediately prior. Mr. Davis stated that the first time that his office was made aware of these holes on County Route 25 was around February 11, 2004, when crews for respondent patched that stretch of road in response to a telephone call. Respondent maintains that it had no actual or constructive notice of any holes on County Route 25 prior to claimant’s accident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice ofthe hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on County Route 25. The size of the hole and its location in the travel portion of the highway leads the Court to conclude that respondent had constructive notice of this hazardous condition and an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery of his insurance deductible as damages in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.